IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| LESTER EARL PAYTON | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | |
| | § | NO. 3-11-CV-0318-L-BD |
| RICK THALER, Director | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division | § | |
| | § | |
| Respondent. | § | |

**FINDINGS AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Petitioner Lester Earl Payton, a Texas prisoner, seeks leave to file a second or successive application for writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the reasons stated herein, his motion should be transferred to the United States Court of Appeals for the Fifth Circuit for appropriate action.

I.

In 1982, petitioner was convicted of murder and sentenced to life imprisonment. After his conviction was affirmed on direct appeal, petitioner filed multiple applications for state and federal post-conviction relief. Court records show that his most recent federal writ was dismissed for abuse of the writ in 1994. *See Payton v. Collins*, No. 3-93-CV-0798-H (N.D. Tex. Sept. 29, 1994). Petitioner now seeks leave to file a second or successive application for writ of habeas corpus in federal district court.

II.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") limits the circumstances under which a state prisoner may file a successive application for federal habeas relief. *See* ANTITERRORISM AND EFFECTIVE DEATH PENALTY ACT OF 1996, Pub.L. 104-132, 110 Stat. 1214 (1996). A claim presented in a second or successive application under section 2254 must be dismissed unless:

> (A)     the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>
> (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
>
> (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2244(b)(2). A district court lacks jurisdiction to consider a motion for leave to file a second or successive federal writ. *See Brewer v. Quarterman*, No. 3-08-CV-0847-L, 2008 WL 2531396 at *3 (N.D. Tex. Jun. 20, 2008), *citing United States v. Key*, 205 F.2d 773, 774 (5th Cir. 2000). Instead, that determination must be made by a three-judge panel of the court of appeals. *See* 28 U.S.C. § 2244(b)(3).

## RECOMMENDATION

Petitioner's motion for leave to file a second or successive application for writ of habeas corpus should be transferred to the Fifth Circuit for appropriate action. *See Henderson v. Haro*, 282 F.3d 862, 864 (5th Cir. 2002); *In re Epps*, 127 F.3d 364, 365 (5th Cir. 1997).

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: February 22, 2011.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE