IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **LESTER EARL PAYTON**, | § | |
| | § | |
| Petitioner, | § | |
| v. | § | Civil Action No. **3:11-CV-0318-L** |
| | § | |
| **RICK THALER, Director**, | § | |
| **Texas Department of Criminal Justice**, | § | |
| **Correctional Institutions Division**, | § | |
| | § | |
| Respondent. | § | |

# ORDER

Before the court is the Findings and Recommendation of the United States Magistrate Judge, filed February 22, 2011. Petitioner did not file any objections.

Petitioner Lester Earl Payton ("Petitioner") has brought a habeas corpus petition pursuant to 28 U.S.C. § 2254, which the magistrate judge found was barred because it is a successive petition for post-conviction relief. Section 2244(b)(3) specifically provides: "Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." The Fifth Circuit has held that the statutory provision "acts as a jurisdictional bar to the district court's asserting jurisdiction over any successive habeas petition until this court has granted the petitioner permission to file one." *United States v. Key*, 205 F.3d 773, 774 (5th Cir. 2000).

The magistrate judge found that Petitioner's claims that his Eighth Amendment rights were violated were successive claims for which the Fifth Circuit has not issued an order authorizing a successive petition. The court determines that the findings and conclusions of the magistrate judge are correct, and they are accepted as those of the court. This court is without jurisdiction to entertain

**Order – Page 1**

this petition because it is successive, and, in such instances, the petition must be transferred to the appellate court for it to determine whether the district court can consider the petition. Accordingly, the court **transfers** this action to the United States Court of Appeals for the Fifth Circuit. The clerk of this court is directed to effect this transfer in accordance with the usual procedure.

Considering the record in this case and pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing §§ 2254 and 2255 proceedings, and 28 U.S.C. § 2253(c), the court **denies** a certificate of appealability.* The court determines that Petitioner has failed to show: (1) that reasonable jurists would find this court's "assessment of the constitutional claims debatable or wrong;" or (2) that reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a constitutional right" and "debatable whether [this court] was correct in its procedural ruling." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). In support of this determination, the court accepts and incorporates by reference the magistrate judge's report filed in this case. In the event that Petitioner files a notice of appeal, he must pay the $455 appellate filing fee or submit a motion to proceed *in forma pauperis* ("IFP"), unless he has been granted IFP status by the district court.

---

*Rule 11 of the Rules Governing §§ 2254 and 2255 Cases provides as follows:
    **(a)**   **Certificate of Appealability.** The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue. If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2). If the court denies a certificate, the parties may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22. A motion to reconsider a denial does not extend the time to appeal.
    **(b)**   **Time to Appeal.** Federal Rule of Appellate Procedure 4(a) governs the time to appeal an order entered under these rules. A timely notice of appeal must be filed even if the district court issues a certificate of appealability.

**Order – Page 2**

**It is so ordered** this 17th day of March, 2011.

                                         Sam A. Lindsay
                                         United States District Judge